UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR HUGO ESCOBAR,

       Petitioner,                          Case No. 98-40352

vs.                                           HONORABLE PAUL V. GADOLA
                                                HONORABLE STEVEN D. PEPE

FRANK ELO,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Victor Hugo Escobar, an inmate in the custody of the Michigan Department of Corrections, filed a Rule 60(b) motion to vacate the Eastern District of Michigan Court's decision denying his petition for habeas corpus with prejudice, and an application for a three judge court (Dkt. #37 & #38).[1] Respondent filed an answer in opposition to Plaintiff's motion to vacate (Dkt #41). This matter was referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons indicated below, **IT IS RECOMMENDED** that Petitioner's Rule 60(b) motion to vacate and application for a three judge court be **DENIED**.

I.    **BACKGROUND**

In October 1998, Petitioner filed two identical habeas corpus actions - in both the Eastern

---

[1] Under 28 U.S.C. § 2284(a), "a district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." In this case, Petitioner has failed to cite an Act of Congress applicable to his case and the present action does not challenge the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body. Therefore, **IT IS RECOMMENDED** that Plaintiff's application for a three judge court be **DENIED.**

District of Michigan and the Western District of Michigan - challenging his 1994 murder conviction.[2] In his Western District of Michigan action, 1:98-CV-721, Petitioner moved to have the petition held in abeyance and the court dismissed the action without prejudice for Petitioner to exhaust his state court remedies. In the Eastern District, Respondent answered the claims seeking a decision on the merits. On October 29, 1999, a Report and Recommendation was entered recommending that the petition be denied on the merits (Dkt. #31).

Petitioner moved for a continuance (Dkt. #32), but the motion was stricken by order dated November 16, 1999, as procedurally deficient for failure to include a judge's copy (Dkt. #33). Petitioner did not try to correct the deficiency. Nor did he file objections to the report and recommendation. Thus, on January 20, 2000, this Court entered its order adopting the report and recommendation and issued a judgment on the merits in Respondent's favor (Dkt. #34 & #35).

Petitioner then allegedly exhausted his remedies with respect to new claims in the state courts and attempted to file a second petition in the Western District, No. 03-00855. This matter was transferred to the Sixth Circuit by the district court under 28 U.S.C. § 2244(b). The Sixth Circuit denied permission to file a second or successive habeas petition by order dated August 17, 2004. Sixth Circuit No. 03-2557.[3]

Petitioner filed yet another petition in the Western District, No. 04-00160, and it was

---

[2] Under 28 U.S.C. § 2241(d), either district court had jurisdiction to entertain the action since a habeas petitioner may file the petition in ". . . the district court for the district wherein such person is in custody or in the district court for the district wherein which the State court was held which convicted and sentenced him. . ." This section also empowers the court ". . . in the exercise of its discretion and in furtherance of justice..." to transfer a habeas petition to another district having jurisdiction.

[3] Petitioner alleges that a second motion in the Sixth Circuit to file a second petition was returned unfiled by the Sixth Circuit under 28 U.S.C. §2244(b)(3)(E).

again transferred to the Sixth Circuit.  The Sixth Circuit on October 28, 2005, noted that Petitioner had previously filed a habeas petition in both the Eastern and Western District, and that the Eastern District denied Petitioner's petition on the merits.  The Court indicated that Petitioner's latest petition raised numerous claims, most of which had been presented previously and were required to be dismissed under 28 U.S.C. § 2244(b)(1).  Moreover, it held that Petitioner's new claim of erroneous evidentiary ruling by the trial court must be dismissed under 28 U.S.C. § 2244(b)(2), because Petitioner had not shown that the new claim is (1.) based on a new rule of constitutional law made retroactive by the Supreme Court, or (2.) based on facts that could not have been discovered previously and that establish his innocence.  Thus, the Sixth Circuit denied Petitioner permission to file a second or successive habeas corpus petition.  Sixth Circuit No. 05-1130.

Having been repeatedly denied permission to file a second habeas petition by the Sixth Circuit, Petitioner now seeks to have this Court vacate its previous judgement denying his application for habeas corpus petition with prejudice under Rule 60(b)(4) and 60(b)(6) in order for him to present the claims that the Sixth Circuit will not allow him to file.

**II.     ANALYSIS**

    **A.  Legal Standards**

The procedures available to obtain relief from a final judgment are found in Fed. R. Civ. P. 60. "The rule is designed to remove the uncertainties and historical limitations of ancient remedies while preserving all of the various kinds of relief that they afforded." 11 Wright & Miller, *Federal Practice and Procedure* § 2851, at 140 (1973) (hereinafter *Federal Practice*) Time limitations govern the filing of a Rule 60(b) motion, but the rule states generally that "[t]he

3

motion shall be made within a reasonable time." A "reasonable time" under 60(b) means that if a reason to set aside the judgment is known within the time for filing a notice of appeal, a motion should be brought under Rule 60(b)(1) during that period. *Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir.1983). Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2) or (3) a year after judgment. Fed. R. Civ. P. 60(b); *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 384 (6th Cir.1991).

Motions under subsections (4), (5) and (6) must also be made within a "reasonable time," which is dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990). Yet, the flexible nature of this time frame is not unlimited. In fact, the Court has held that a motion filed pursuant to Rule 60(b)(4) and (6) is untimely where more than three years have passed between the time the motion was filed and judgment was entered. *See Ohio Cas. Ins. Co. v. Pulliam*, No. 96-6522, 1999 WL 455336, *2 (6th Cir. June 23, 1999).

Subsection (b)(4) of Rule 60 provides that a court may grant relief from a judgment that is void. For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it. If found at all, voidness usually arises for lack of subject matter jurisdiction or jurisdiction over the parties. It may also arise if the court's action involves a plain usurpation of power or if the court has acted in a manner inconsistent with due process of law. In the interest of finality, however, "the concept of setting aside a judgment on voidness grounds is narrowly restricted." *See*, *Mehdipour v. City of Oklahoma City*, 161 F.3d 18, 1 (6th Cir. 1998). Moreover, "a party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal." *See,*

4

*In re G.A.D., Inc.*, 340 F.3d 331, 337 (6th Cir.2003).

Subsection (b)(6) allows a motion for "any other reason justifying relief from the operation of the judgment." This Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. *See Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986). A claim of strictly legal error falls in the category of "mistake" under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances. *See id.*, at 451. The parties may not use a Rule 60(b) motion as a substitute for an appeal, *Federal Practice* § 2852 at 142, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise. *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir.1977).

Notwithstanding the extraordinary nature of relief under 60(b)(6), district courts may employ subsection (b)(6) as a means to achieve substantial justice when "something more" than one of the grounds contained in Rule 60(b)'s first five clauses is present. *See Federal Practice* § 2864, at 219-20. Accordingly, a motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is "especially broad" given the underlying equitable principles involved. *Cf. Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir.1985); *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir.1981).

### B.  Factual Analysis

*Gonzalez v Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005), concerns the applicability of 60(b) motions for relief from judgment to habeas actions. Essentially, *Gonzalez* holds that a habeas petitioner may not use a 60(b) motion to present new constitutional claims to the district

court. Such a motion may only be considered by a district court where it attacks some defect in the integrity of the prior proceeding, is made within a reasonable time, and shows that "extraordinary circumstances" justify the reopening of the final judgment. *Id.* at 2648-2649. Here, although Petitioner claims that he is not attempting to raise new claims, that assertion is false. Petitioner wishes to alter the prior decision precisely because he wishes to present this Court with newly exhausted claims. This route is precisely the type of case which *Gonzalez* forbids:

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v United States*, 367 F3d 74, 80-81 (CA2, 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *Eg, Rodwell v Pepe*, 324 F3d 66, 69 (CA1, 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v Litscher*, 301 F3d 873, 876 (CA7, 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. E.g., *Rodwell*, supra, at 71-72; *Dunlap,* supra, at 876.
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 USC § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a State court's judgment of conviction -- even claims couched in the language of a true Rule 60(b) motion -- circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on

>which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

*Id*. 545 U.S. 524 at 2647-2648.

Accordingly, this motion should be treated as another request to file a successive petition, which the Sixth Circuit has repeatedly denied Petitioner permission to do. For that reason alone, Petitioner's Rule 60(b) motion must be denied. Yet, even assuming Petitioner's motion was proper, it is without merit. He has failed to demonstrate that there was any defect in the prior proceedings. The Court was under no obligation to hold his petition in abeyance or deny it without prejudice so that Petitioner could exhaust additional claims. Indeed, such a request came only after the undersigned had already issued a report and recommendation deciding Petitioner's claims were without merit (Dkt. #31). Even then, the Petitioner's motion for a continuance (apparently for filing objections to the October 29, 1999, report and recommendation) was not properly presented to the Court, and Petitioner chose not to remedy the procedural defect.

Finally, this motion was not made within a reasonable time. This Court denied Petitioner's petition for habeas corpus with prejudice on the merits over six years ago. Petitioner did not seek to appeal the decision or the Court's denial of his motion to have the case held in abeyance. Petitioner's actions in the Western District indicate he clearly had the means and opportunity to seek timely relief in the form of an appeal from this Court's decision. There are no extraordinary circumstances here justifying relief. Petitioner was made aware of the result of the final adjudication of his petition in this Court, but he chose to ignore it in favor of filing for relief in the Western District.

## III. RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that Petitioner Escobar's Rule 60(b) motion to vacate and application for a three judge court be **DENIED**.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985), *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991).

Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987), *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objection must be served upon this Magistrate Judge.

Dated: February 23, 2007                           s/Steven D. Pepe
Flint, Michigan                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on <u>February 23, 2007</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Brad H. Beaver, Esq.</u> and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Victor Escobar #238764, Gus Harrison Correctional Facility, P.O. Box 1888, Adrian, MI 49221</u>

<u>s/James P. Peltier</u><br>
Courtroom Deputy Clerk<br>
U.S.District Court<br>
600 Church St.<br>
Flint, MI 48502<br>
810-341-7850<br>
pete_peltier@mied.uscourts.gov