UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR HUGO ESCOBAR,

                        Petitioner,

                                         CIVIL CASE NO. 98-40352

v.

FRANK ELO,                                HONORABLE PAUL V. GADOLA
                                                  U.S. DISTRICT COURT

                                Respondent.

_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

Before the Court is Petitioner's Rule 60(b) motion to vacate, Petitioner's application for a three judge court, and the Report and Recommendation of United States Magistrate Judge Steven D. Pepe. The Magistrate Judge issued his Report and Recommendation on February 23, 2007, recommending that Petitioner's motion and application be denied. Petitioner filed a set of objections to the Report and Recommendation. For the reasons below, the Court accepts and adopts the Report and Recommendation and denies Petitioner's motion to vacate and application for a three judge court.

## I.      Legal Standard

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp.

2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Petitioner has filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

## II.    Analysis

In October 1998, two identical 28 U.S.C. § 2244 habeas corpus were filed, one in the Eastern District of Michigan and one in the Western District of Michigan. Petitioner alleges that he does

2

not know why this happened.  The Western District dismissed the petition without prejudice and permitted Petitioner to exhaust his state court remedies.  The petition here in the Eastern District proceeded to a decision on its merits.  On January 20, 2000, this Court issued an order adopting the report and recommendation of the Magistrate Judge and denying Petitioner's habeas corpus petition with prejudice.  Since then, Petitioner has attempted to file successive habeas corpus petitions in the Western District, but the Sixth Circuit has denied him permission due to Plaintiff's filing second or successive petitions.  Now, more than 6 years after his first habeas corpus petition was denied here in the Eastern District, Petitioner seeks to have this Court vacate its judgment denying the petition with prejudice.

After the Magistrate Judge recommended that Petitioner's motion to vacate be denied, Petitioner filed objections.  Petitioner argues that the integrity of the habeas corpus proceedings was compromised because he does not know how two identical habeas corpus petitions were filed initially.  Plaintiff also argues that he is ignorant of federal habeas practice and that he was unaware of his habeas corpus proceedings in the Eastern District as his petition went forward.  Petitioner further argues that the Western District erred in not transferring the habeas corpus petition to the Eastern District instead of ordering Petitioner to pursue state court remedies.  Finally, Petitioner argues that this Court's judgment denying the habeas corpus petition is void and that there are extraordinary circumstances mandating Rule 60(b) relief.

After considering Petitioner's objections and conducting a de novo review, the Court finds that the reasoning of the Magistrate Judge is sound and his findings are correct.  First, the Court does not find that there are extraordinary circumstances meriting Rule 60(b) relief.  Petitioner is trying

3

to reopen the final judgment in this case in order to raise new claims, which is not permitted.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).  Second, though Petitioner claims that he was ignorant of much of the proceedings that occurred as his petition was being considered before this Court in the Eastern District, Petitioner can still not point to any defect in the prior proceedings. Third, Petitioner does not bring this Rule 60(b) motion within a reasonable time, more than 6 years after this Court issued a judgment.  Thus, Petitioner's objections to the Report and Recommendation do not have merit.

## III.    Conclusion

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, Petitioner's motion to vacate, and the applicable portions of the record, **IT IS HEREBY ORDERED** that Petitioner's objections [docket entry 45] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 44] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate Judgment [docket entry 38] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Application for a Three Judge Court [docket entry 37] is **DENIED**.

**SO ORDERED.**

Dated:   March 30, 2007              s/Paul V. Gadola
                                     HONORABLE PAUL V. GADOLA
                                     UNITED STATES DISTRICT JUDGE

4

Certificate of Service

I hereby certify that on ___April 3, 2007___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____Brad H. Bever_____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Vioctor Escobar_____.

s/Ruth A. Brissaud_____

Ruth A. Brissaud, Case Manager

(810) 341-7845

5